# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LORIANN CURRY,
                Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
CB-7121-20-0009-V-1

DATE: September 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marion L. Williams, Warner Robins, Georgia, for the appellant.

Gregory Lloyd, Esquire, Robins Air Force Base, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a request for review of an arbitration decision, which sustained the agency's decision to suspend her for 7 days. For the reasons discussed below, we DISMISS the appellant's request for review for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant was employed as a Sheet Metal Mechanic at the agency's Robins Air Force Base in Warner Robins, Georgia. Request for Review (RFR) File, Tab 1 at 1. According to the arbitrator, on an unspecified date in early October 2017, the appellant's supervisor approached her about an issue with her work and began to explain to her what she had done wrong.[2] *Id*. at 14-15. In response, according to the supervisor, the appellant became disrespectful and hostile, used profanity, threatened him, and gestured as if she was going to hit him. *Id*. at 15.

On February 19, 2018, the agency issued a decision suspending the appellant for 7 days based on the charge of disrespectful conduct. *Id*. at 19. The appellant's union grieved the 7-day suspension action, and agency management denied the grievance. *Id*. at 19-21. The union then invoked arbitration on her behalf, arguing that the appellant was "suspended for something that was not said and treated disparately." *Id*. at 25.

In an Award Summary, the arbitrator indicated that the union waived its right to present a case and did not call any of its own witnesses. *Id*. at 5. She also stated that the union waived its right to file a post-hearing brief, and that it offered "no rebuttal, affirmative defenses, or [mitigating] circumstances in support of its position on the [appellant's] behalf." *Id*. In the arbitrator's December 3, 2019 award, she summarized the appellant's performance issues, discussed the agency's witnesses' testimony concerning the October 2017 incident, and concluded that the agency presented a "prima facie case in chief." *Id*. at 12-26. Accordingly, she found that there was "no reason" to disturb the agency's decision regarding the grievance. *Id*. at 26.

---

[2] The record contains only the arbitrator's award, which does not clearly specify the date this encounter occurred. RFR File, Tab 1 at 14-15. It appears undisputed, however, that it occurred in early October 2017. *Id*. at 15.

On January 2, 2020, the appellant filed a request for review of the arbitration decision with the Board.[3] RFR File, Tab 1. The appellant's request included only the Board's standard appeal form and a copy of the arbitrator's award. *Id*. The Office of the Clerk of the Board issued an acknowledgment order, informing the appellant of what she was required to submit to formally request the Board's review of the arbitration decision and to establish the Board's jurisdiction over her request. RFR File, Tab 2. The appellant did not respond to the acknowledgment order. As such, the record includes only the arbitrator's award. RFR File, Tab 1.

## ANALYSIS

The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination under 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Sadiq v. Department of Veterans Affairs*, 119 M.S.P.R. 450, ¶ 4 (2013). Although it is undisputed that a final decision has been issued, we find that the other two conditions are not satisfied, and that the Board, therefore, lacks jurisdiction over the appellant's request for review of the arbitration decision.

First, the Board does not have jurisdiction over the subject matter underlying the grievance. Under 5 U.S.C. § 7512, the Board only has jurisdiction over suspension actions when they exceed 14 days. *See* 5 U.S.C. § 7512(2). Because the agency action at issue here is a 7-day suspension, and the appellant

---

[3] It appears that the appellant first filed an initial appeal of the arbitrator's award with the Board's Atlanta Regional Office. *Curry v. Department of the Air Force*, MSPB Docket No. AT-3443-20-0223-I-1, Appeal File (0223 AF), Tab 1. In that appeal, the administrative judge issued an initial decision dismissing the appeal because it constituted a request for review of an arbitration decision under 5 C.F.R. § 1201.55. 0223 AF, Tab 6, Initial Decision at 2. He forwarded the appeal to the Office of the Clerk of the Board to be adjudicated in accordance with the Board's regulations. *Id*. The Office of the Clerk of the Board assigned the appeal a new case caption and the docket number of the instant case. RFR File, Tab 2 at 1.

has not pointed to any other law, rule, or regulation that provides for the Board's jurisdiction over a 7-day suspension, we find that we are without jurisdiction over the subject matter at issue in the appellant's grievance. *See Sadiq*, 119 M.S.P.R. 450, ¶ 4; *see also Gore v. Department of Labor*, 101 M.S.P.R. 320, ¶ 5 (2006) (finding that the Board lacks jurisdiction to review a request for review of an arbitration decision when the decision does not involve a subject matter over which the Board has jurisdiction).

Additionally, even if the Board had jurisdiction over the subject matter of the underlying action, the appellant has failed to establish that she has alleged discrimination under 5 U.S.C. § 2302(b)(1) in connection with the underlying action. *See Sadiq*, 119 M.S.P.R. 450, ¶ 4. Although the record shows that she alleged that she was "treated disparately," she has not alleged that such treatment was on the basis of a category covered by section 2302(b)(1), such as race, color, religion, sex, national origin, age, or disability. *See* 5 U.S.C. § 2302(b)(1). Moreover, the arbitrator stated that the appellant offered no affirmative defenses or mitigating circumstances, and the appellant has not argued in her request for review of the arbitration decision that the arbitrator erred in that categorization. RFR File, Tab 1 at 26. Accordingly, we find that the Board also lacks jurisdiction over this request for review of the arbitration decision because the appellant failed to show that she has alleged discrimination under section 2302(b)(1) in connection with her 7-day suspension. *See Sadiq*, 119 M.S.P.R. 450, ¶ 4; *see also Westbrook v. Department of the Air Force*, 77 M.S.P.R. 149, 153 (1997) (concluding that, when an appellant fails to raise a discrimination claim covered by 5 U.S.C. § 2302(b)(1), the Board lacks jurisdiction over an arbitration review request under 5 U.S.C. § 7121(d)).

Accordingly, we dismiss the appellant's request for review of the arbitration decision based on lack of jurisdiction. *See Gore*, 101 M.S.P.R. 320, ¶ 5. This is the final decision of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113(c).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.